UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL FLEURIZARD, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:16-CV-01206 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, et al., | : | SEPTEMBER 25, 2017 |
| Defendant. | : | |

**RULING RE: MOTION TO DISMISS (Doc. No. 29)**

**I.   INTRODUCTION**

The plaintiff, Michael Fleurizard, filed a Second Amended Complaint on October 26, 2016.  See Second Amended Complaint ("Second Am. Compl.") (Doc. No. 15). Fleurizard brought claims under section 1983 of title 42 of the United States Code, for violations of his Fourth, Eighth, and Fourteenth Amendment rights against a number of defendants.[1]  Id.  After the court's Order Affirming, Adopting, and Ratifying the Recommended Ruling Regarding the Second Amended Complaint on December 27, 2017, dismissed some of the defendants, claims remained against four defendants: the City of New Haven and individual defendants, Police Officers Dean D. Reynolds, Ben Hines, and M. Foster in their individual capacities.  See Recommended Ruling re: Second Amended Complaint ("Rec'd Ruling 3") (Doc. No. 17); Order Affirming, Adopting, and Ratifying Recommended Ruling 3 ("Order Adopting Rec'd Ruling 3") (Doc. No. 18).

---

[1] As filed, the Second Amended Complaint named as defendants the City of New Haven, the New Haven Police Department, Dean D. Reynolds, Ben Hines, M. Foster, Robert Fairwheather, Tierra Garrett, Jane Doe, and Jane Doe 1.  See Second Am. Compl. at 1.

1

Defendants Reynolds, Hines, and Foster now move to dismiss all counts against them. See Motion to Dismiss ("Mot. to Dismiss") (Doc. No. 29).

For the reasons below, the court grants the Motion to Dismiss on all counts.

## II. PROCEDURAL AND FACTUAL BACKGROUND

The procedural history of this case provides context for the court's current dismissal. On July 18, 2016, Fleurizard filed an initial Complaint, which was dated July 14, 2016, and moved to proceed in forma pauperis. See Complaint ("Compl."); Motion to Proceed In Forma Pauperis (Doc. No. 2). The Complaint raised claims pursuant to section 1983 against the City of New Haven, the New Haven Police Department, and individual defendants, Police Officers Reynolds, Hines, and Foster. See id. The counts in the Complaint alleged violations of Fleurizard's right to be free from false arrest and malicious prosecution, his Eighth Amendment right against cruel and unusual punishment, his Fourteenth Amendment right to equal protection, and his Fourteenth Amendment right of due process. See id.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), Magistrate Judge Merriam issued a Recommended Ruling dismissing the Complaint. See Recommended Ruling ("Rec'd Ruling 1) (Doc. No. 7). Specifically, the Recommended Ruling dismissed with prejudice all claims against the New Haven Police Department, all claims against the individual defendants in their official capacities, any claim of false arrest and malicious prosecution, and any substantive due process claim. See id. at 16. The Recommended Ruling dismissed all other claims without prejudice, granting Fleurizard leave to replead. See id. The court adopted the Recommended Ruling on August 17, 2016. Order Affirming, Adopting, and Ratifying Recommended Ruling 1 (Doc. No. 8); see also Order re: Objection to Recommended Ruling (Doc. No. 11).

Fleurizard filed an Amended Complaint on September 22, 2016.  See Amended Complaint ("Am. Compl.") (Doc. No. 13).  The Amended Complaint named all of the defendants in the original complaint, including the New Haven Police Department against which the Complaint was previously dismissed with prejudice, and added four additional defendants in their individual capacity: Robert Fairwheather, Tierra Garrett, Jane Doe, and Jane Doe 1.  See id.  With some added factual allegations, the Amended Complaint repeated substantially the same claims as the original Complaint, again including those already dismissed with prejudice.  See id. at ¶ 10.  It also added facts asserting the use of excessive force in violation of the Fourth Amendment.  See id. at ¶ 7.  However, the Amended Complaint failed to cure the majority of the shortcomings identified in the first Recommended Ruling. Accordingly, Magistrate Judge Merriam issued, and the court adopted, another Recommended Ruling pursuant to section 1915(e)(2)(B).  See Recommended Ruling ("Rec'd Ruling 2") (Doc. No. 14); Order Affirming, Adopting, and Ratifying Recommended Ruling 2 (Doc. No. 16).  In it, the court reaffirmed its prior dismissals with prejudice, dismissed with prejudice any claims against the four new defendants, and dismissed without prejudice all other claims except the excessive force claim against defendants Hines and Reynolds in their individual capacities.  See Rec'd Ruling 2 at 15–16.

On October 26, 2016, Fleurizard filed a Second Amended Complaint, now the current operative complaint in the case.  See Second Amended Complaint.  The Second Amended Complaint names all of the same defendants and raises all of the same claims as the Amended Complaint, again including those dismissed with prejudice.  See id.  Magistrate Judge Merriam issued, and the court adopted, a third

3

Recommended Ruling pursuant to section 1915(e)(2)(B).  See Rec'd Ruling 3; Order Adopting Rec'd Ruling 3.  The Recommended Ruling again reaffirmed its prior dismissals with prejudice.  See Rec'd Ruling 3 at 15–16.  Accordingly, the only claims that were permitted to proceed to service, and that now appear before the court, are those of (1) excessive force, (2) racial discrimination and violation of equal protection, (3) cruel and unusual punishment, and (4) violation of procedural due process against the City of New Haven and defendants Hines, Reynolds, and Foster in their individual capacities.  See id.

Regarding these remaining counts, the relevant facts alleged in the Second Amended Complaint are as follows.[2]  Fleurizard alleges that, on July 12, 2013, he called the police after being assaulted and threatened by Robert Fairwheather.  See Second Am. Compl. at ¶ 8.  After the police officers arrived, Fleurizard claims that an unnamed officer initially told him that he would not be arrested, but then proceeded to arrest him after the officer spoke with defendant Police Officer Hines.  See id.  Hines handcuffed Fleurizard, "squeezed the handcuffs tighter" on his wrists, and did not loosen them despite Fleurizard's requests.  See id.  Hines behaved in a manner that was "boisterous and belligerent," "used racial epithets," and "was loud and disrespectful in the plaintiff's residence."  See id.  Fleurizard also alleges that defendants Reynolds and Foster were the other officers on duty at the time with Hines.  See id.

After his arrest, Fleurizard was placed in a transportation van to be brought to the Union Avenue jail.  See id.  He "explained that he was hurt and in pain," so the

---

[2] The court accepts all factual allegations in the Second Amended Complaint as true for the purposes of deciding the Motion to Dismiss.  See Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009).

4

transportation sheriff brought him to the hospital, where Fleurizard was seen by a doctor before being transported to the jail. See id. Fleurizard alleges that his injuries worsened because he did not subsequently receive medical treatment at the correctional facility. See id. He further claims that unreasonable bail led him to lose his job and forced him to plead guilty. See id. Finally, Fleurizard alleges that the City of New Haven had a policy of allowing police to address domestic violence cases without proper training and of allowing the same police officers who arrested individuals to set bail bonds that those individuals could not post. See id.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under Rule 12(b)(6), to survive a motion to dismiss for failure to state a claim, that plain statement must allege facts sufficient to state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While this plausibility standard does not require probability, it is not satisfied by "a sheer possibility that a defendant has acted unlawfully" or by facts that are "merely consistent with a defendant's liability." Id. (internal citations omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept all material factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Hemi Grp., LLC v. City of New York, 559 U.S. 1, 5 (2010); Jaghory v. N.Y. State Dep't Educ., 131 F.3d 326, 329 (2d Cir. 1997). However, the court is not required to accept as true a "legal conclusion couched as a factual

5

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In those instances, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Additionally, the court remains mindful of its obligation to construe complaints filed by pro se litigants liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

## IV. DISCUSSION

Defendant Police Officers Reynolds, Hines, and Foster move to dismiss all counts against them. See Mot. to Dismiss. The defendants argue first that all claims against them are barred by the statute of limitations. See Memorandum in Support of Motion to Dismiss ("Mem. in Supp.") (Doc. No. 29-1) at 5–7. Additionally, they argue that the Eighth Amendment claim fails because the Eighth Amendment does not attach to pre-conviction detainees. See id. at 11. Finally, they argue that Fleurizard has failed to allege sufficient facts to state a claim of racial discrimination or to establish personal involvement in the deprivation of due process under the Fourteenth Amendment. See id. at 8–10, 12.

Before reaching the reasons to dismiss, the court first addresses Fleurizard's treatment of the court's prior adopted Recommended Ruling 3. Section 1915(e)(2)(B) of title 28 of the United States Code permits the court to "dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (2016). Pursuant to this statute, the court dismissed some of Fleurizard's claims sua sponte and permitted others to proceed to service of process on the remaining defendants. See Rec'd Ruling 3 at 15–16. Fleurizard appears to argue that the defendants' Motion to

6

Dismiss is inappropriate because the court already determined that the claims could proceed in the adopted Recommended Ruling. See Memorandum in Support of Plaintiff's Objection to the Motion to Dismiss ("Mem. in Obj.") (Doc. No. 39-1) at 1.

In doing so, Fleurizard misunderstands the different purposes of section 1915(e) and Federal Rule of Civil Procedure 12(b)(6). The court's "power to dismiss baseless claims under 28 U.S.C. § 1915 is more limited than its power to dismiss claims pursuant to a Rule 12 motion because the opportunity to respond to such a motion affords the plaintiff the benefit of adversarial process." Parkinson v. Hartford Hosp., No. 3:08-CV-1892 (JCH), 2009 WL 2475336, at *2 (D. Conn. May 28, 2009). As such, the court is not now bound by its decision not to dismiss the claim sua sponte at the earlier, section 1915(e) screening stage. See Williams v. City Univ. of N.Y., 633 F. App'x 541, 543 (2d Cir. 2015) (holding that "the fact that the court did not invoke this statute [28 U.S.C. § 1915(e)(2)(B)(ii)] to dismiss Williams's claim sua sponte in connection with his IFP [in forma pauperis] application does not mean that his complaint was sufficient to withstand a motion to dismiss"); see also Smalls v. Wright, No. 3:16-CV-2089, 2017 WL 3474070, at *4 (D. Conn. Aug. 11, 2017) (holding, in the similar context of initial screenings of prisoner complaints, that the court was "not bound by its decision in its Initial Review Order . . . that Smalls had stated a plausible claim" (citing Torres v. McGrath, No. 3:15-CV-1558 (VLB), 2017 WL 3262162, at *5 n.2 (D. Conn. July 31, 2017)). Therefore, the court is not precluded from dismissing Fleurizard's claims on the defendants' motion now merely because it did not previously do so sua sponte.

    A.    Fourth Amendment Use of Excessive Force Claim

Fleurizard alleges facts in the Second Amended Complaint that indicate a possible claim of the use of excessive force in violation of the Fourth Amendment. See

7

Second Am. Compl. at ¶ 8 (alleging that Hines was belligerent and squeezed the handcuffs too tight). The defendants move to dismiss this claim because the Complaint was not timely filed and is thus barred by the statute of limitations. See Mem. in Supp. at 5–7. The court agrees with the defendants, and Fleurizard's Fourth Amendment claim is dismissed on this ground.

Section 1983 does not itself contain a statute of limitations, but rather borrows the state's statute of limitations in personal injury actions. See Lounsbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994). The Second Circuit has held that Conn. Gen. Stat. § 52-557, which carries a three-year statute of limitations, is the applicable state statute in Connecticut. See id. at 134. This same three-year statute of limitations applies to all section 1983 claims, even though the underlying constitutional violation may differ. See id. at 133. In this case, the Second Amended Complaint states that Fleurizard's interaction with Officer Hines, which forms the basis for his claim of excessive force, occurred on July 12, 2013. See Second Am. Compl. at ¶ 8. However, Fleurizard filed the initial Complaint[3] on July 18, 2016. [4] See Compl. By then, three years and six days had passed since the alleged violation occurred, so the three-year statute of limitations now precludes his claim.

---

[3] While the operative complaint is now the Second Amended Complaint, Federal Rule of Civil Procedure 15(c)(1)(B) allows that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Therefore, the relevant date for statute of limitations purposes is the date the initial Complaint was filed.

[4] Although the initial Complaint is dated July 14, 2016, it was filed with the court on July 18, 2016. See Compl. at 1. Therefore, July 18, 2016 is the relevant date considered by the court. The court notes, however, that even if it considered the July 14, 2016 date instead, the statute of limitations would still bar Fleurizard's claim.

8

Fleurizard argues that his claim "is relying upon a continuous course of action, a federal rule that tolls the statute of limitations," but he does not articulate how or why that rule should apply to his case. See Mem. in Obj. at 2. Fleurizard is correct that there exists the principle that, "[w]hen [a] wrong sued upon consists of a continuing course of conduct, the statute [of limitations] does not begin to run until that course of conduct is completed." Slainte Investments Ltd. P'ship v. Jeffrey, 142 F. Supp. 3d 239, 258 (D. Conn. 2015) (quoting Giulietti v. Giulietti, 65 Conn. App. 813, 833 (Conn. App. 2001)). This principle has been held to apply to federal claims, including those arising under section 1983. See Doe v. Blake, 809 F. Supp. 1020, 1025 (D. Conn. 1992). For the claim to survive under this theory, the plaintiff can show "evidence of the breach of a duty that remained in existence after commission of the original wrong," "some later wrongful conduct of a defendant related to the prior act," or that "the last act alleged to be part of the ongoing pattern of discrimination occurs within the filing period." OBG Tech. Servs., Inc. v. Northrop Grumman Space & Mission Sys. Corp., 503 F. Supp. 2d 490, 510 (D. Conn. 2007); Blake, 809 F. Supp. at 1025.

Fleurizard has pled none of the above. To the contrary, the Second Amended Complaint indicates that all interactions with Hines occurred on July 12, 2013. See Second Am. Compl. at ¶ 8. Fleurizard alleges no subsequent interactions with Hines and no specific interactions at all with Reynolds or Foster, beyond claiming that they were on duty with Hines on July 12, 2013. See id. He points to no conduct within the statutory period. Thus, the continuing course of conduct doctrine does not apply to his claim.

Accordingly, Fleurizard's claim of excessive force is dismissed.

B.    Eighth Amendment Cruel and Unusual Punishment Claim

Fleurizard claims that the defendants violated his right to "[f]reedom from cruel and unusual punishment" because he did not receive necessary medical treatment while incarcerated. See Second Am. Compl. at ¶ 8, 12. The defendants move to dismiss this claim because the Eighth Amendment does not apply to pre-conviction detainees. See Mem. in Supp. at 11.

The Supreme Court has held, "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983) (citing Ingraham v. Wright, 430 U.S. 651, 671–72 (1977)). Therefore, the Eighth Amendment does not apply to pretrial detainees who have not yet been convicted. See Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996). In Fleurizard's case, he alleges inadequate medical treatment after he was arrested, but before he pled guilty. See Second Am. Compl. at ¶ 8. Although he argues that he was convicted of the crime, see Mem. in Obj. at 2, a later conviction does not make the Eighth Amendment applicable if he was not convicted at the time of the alleged violation.

Accordingly, Fleurizard's claim under the Eighth Amendment is dismissed.

C.    Fourteenth Amendment Due Process Claim

Dismissal of Fleurizard's claim under the Eighth Amendment does not, however, prevent the court from considering his allegations of inadequate medical treatment. "The rights of one who has not been convicted are protected by the Due Process

Clause; and while the Supreme Court has not precisely limned the duties of a custodial officer under the Due Process Clause to provide needed medical treatment to a pretrial detainee, it is plain that an unconvicted detainee's rights are at least as great as those of a convicted prisoner." Weyant, 101 F.3d at 856 (citations omitted). Under the Fourteenth Amendment, a pretrial detainee's due process rights have been violated if "the official denied treatment needed to remedy a serious medical condition and did so because of his deliberate indifference to that need." See id. Therefore, the court considers Fleurizard's claim that his "injuries got worse due to the lack of treatment at the correctional facility" under the Fourteenth Amendment instead. See Second Am. Compl. at ¶ 8.

The defendants offer two reasons for dismissing Fleurizard's due process claim. First, they argue that Fleurizard failed to plead facts indicating that the defendants were personally involved in the alleged violation. See Mem. in Supp. at 12. Second, they argue that this claim, like Fleurizard's excessive force claim, is barred by the statute of limitations. See id. at 13. The court finds that either of these grounds is sufficient to justify dismissal.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir.1991)). Personal involvement can be established in a number of ways. Direct involvement requires "intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal." Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001). Personal

11

involvement can also be indirect, such as "ordering or helping others to do the unlawful acts," or supervisory, such as "failing to act on information indicating that unconstitutional acts were occurring." Id. at 154–55. Additionally, police officers have "an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." Koller v. Hoffkins, No. 3:09-CV-00999 (DCP), c, at *6 (D. Conn. Dec. 23, 2013). In order for failure to intervene to serve as the basis for liability, however, "an officer must observe or have reason to know that an individual's constitutional right has been violated, and 'there must have been a realistic opportunity to intervene to prevent the harm from occurring.'" Haralambous v. Hubbs, No. 3:13-CV-1916 (JCH), 2015 WL 3444328, at *3 (D. Conn. May 28, 2015) (citing Anderson v. Branen, 17 F.3d 552, 557 (2d. Cir.1994)).

In this case, Fleurizard has failed to allege facts indicating that Hines, Reynolds, or Foster were personally involved, directly or indirectly, in his lack of medical treatment at the correctional facility. Concerning Reynolds and Foster, the only allegation that he makes is that they were the officers on duty with Hines on the day of the arrest. See Second Am. Compl. at ¶ 8. He makes no allegations either as to any actions that Reynolds or Foster took, nor as to any knowledge they may have had about the alleged violations at the correctional facility. Concerning Hines, Fleurizard alleges only that he failed to loosen the handcuffs when Fleurizard asked. See id. All other facts pled against Hines demonstrate personal involvement in the alleged use of excessive force, but not in a due process violation.

Fleurizard received medical treatment at the hospital prior to arriving at the Union Avenue jail. See id. Thus, his claims of inadequate medical treatment presumably refer

12

to failures that occurred at the jail after his arrival.  There are no allegations that any of the three individual defendant police officers had any authority or role at the correctional facility, let alone that they were aware that medical treatment had not been provided or had participated in any such decision.  Therefore, the due process claim against them is dismissed for lack of personal involvement.

Additionally, even if the defendants were personally involved, the claim is nonetheless barred by the statute of limitations.  Unlike the excessive force claim above, the failure to provide Fleurizard with adequate medical treatment may have been a continuing course of conduct, since the correctional facility had a continuing duty to provide him with the necessary medical care.  However, the Second Amended Complaint does not indicate until when the inadequate medical care continued.  It alleges only that the "plaintiff's injuries got worse due to the lack of treatment at the correctional facility."  Second Am. Compl. at ¶ 8.  Thus, the court is unable to determine whether the alleged violation continued past July 18, 2013 or not.  Accordingly, Fleurizard has not met his requirement of pleading sufficient facts to state a claim upon which relief has been granted.  See Mackenzie Architects, PC v. VLG Real Estate Developers, LLC, No. 1:15-CV-1105, 2016 WL 4703736, at *8 (N.D.N.Y. Sept. 8, 2016) (finding that the plaintiff had not alleged facts sufficient to establish that the action had been timely filed because the plaintiff failed to allege the dates when the defendants' obligations arose or the dates when the defendants refused to pay).

While pleading rules generally permit liberal amendments when dates are lacking, such amendment may not be appropriate when, as here, the plaintiff has already been notified of the need for specific dates and has had multiple opportunities to

amend the complaint. See Lewis v. Digital Equipment Corp., No. 92-CIV-8010 (KTD), 1993 WL 498047, at *4 (S.D.N.Y. Dec. 1, 1993) (dismissing the claims for failure to satisfy the statute of limitations, rather than granting leave to amend, because the plaintiff had already responded to a motion to dismiss on statute of limitations grounds once and "it would be an inordinate luxury indeed for plaintiff to have a third opportunity to address the failings of her pleading"); see also Rec'd Ruling 1 at 6–7 (dismissing the Complaint without prejudice and advising plaintiff of the need to "allege dates on which any act or omission giving rise to the claims occurred"); Rec'd Ruling 2 at 1 (affording plaintiff "one final opportunity" to amend its claims). In light of the continuing deficiency of the claim despite Fleurizard's multiple opportunities to amend, his due process claim is dismissed.

### D. Fourteenth Amendment Equal Protection Claim

Finally, Fleurizard alleges that he was discriminated against on the basis of his race in violation of his Fourteenth Amendment right to equal protection under the law. See Second Am. Compl. at ¶ 9, 12. The defendants move to dismiss this claim again on two grounds: first, that Fleurizard failed to allege sufficient facts to state a claim, and second, that his claim is barred by the statute of limitations.

For the same reasons stated above, the court finds that the statute of limitations bars Fleurizard's equal protection claim. The only factual allegation of racial discrimination—that Hines used "racial epithets"—occurred at Fleurizard's residence on July 12, 2013. See id. at ¶ 9. The Second Amended Complaint does not allege any other actions taken by any of the individual defendants after that date. Even if later or continuing violations might have generally occurred without being specifically attributed to the defendants, the Second Amended Complaint also does not indicate a date by

14

which the court could ascertain whether such violations fall within the statutory period or not. Therefore, Fleurizard's claim is time-barred.

Additionally, even if the claim were timely, Fleurizard has failed to allege sufficient facts to state a claim of racial discrimination under the Equal Protection Clause. A plaintiff can state a Fourteenth Amendment claim by "point[ing] to a law or policy that expressly classifies persons on the basis of race," "identify[ing] a facially neutral law or policy that has been applied in an intentionally discriminatory manner," or "alleg[ing] that a facially neutral statute or policy has an adverse effect and it was motivated by discriminatory animus." Anderson v. Waterbury Police Dep't, No. 14-CV-829 (VAB), 2017 WL 1157843, at *9 (D. Conn. Mar. 28, 2017). A plaintiff can also state a "'class of one' equal protection claim by alleging that he 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Id. In Anderson, the court held that the plaintiff failed to establish such a claim because he failed to point to any comparators that were treated better or differently than he was. Id. "[I]t is hornbook law that the mere fact that something bad happens to a member of a particular racial group does not, without more, establish that it happened because the person is a member of that racial group." Traylor v. Hammond, 94 F. Supp. 3d 203, 215 (D. Conn. 2015) (quoting Williams v. Calderoni, No. 11 Civ. 3020, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)).

Beyond alleging that Hines used racial epithets, Fleurizard has not alleged any facts indicating that his treatment by the defendants was because of his race, nor has he alleged that persons of another race were treated differently. Fleurizard has not even identified his race in order to be able to determine who the relevant comparators

might be. He also has not pointed to any racial animus on the parts of defendants Reynolds and Foster. Additionally, mere racial epithets are alone insufficient to state a claim under the Fourteenth Amendment, without some additional allegation linking the racial epithet to adverse treatment in violation of his rights.[5] See, e.g., Valdez v. United States, 58 F. Supp. 3d 795, 825 (W.D. Mich. 2014) ("[T]he use of racial epithets alone 'without harassment or some other conduct that deprives a victim of established rights, does not amount to an equal protection violation.'" (quoting Williams v. Bramer, 180 F.3d 699, 706 (5th Cir. 1999)). Because Fleurizard failed to plead that racial animus was the reason for any injuries or mistreatment by the defendants, his equal protection claim is dismissed.

## V. CONCLUSION

For the above stated reasons, the Motion to Dismiss (Doc. No. 29) is **GRANTED**. All counts against the defendants Dean D. Reynolds, Ben Hines, and M. Foster are dismissed with prejudice.

**SO ORDERED.**

Dated at New Haven, Connecticut this 25th day of September, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[5] In his Memorandum in Support of Plaintiff's Objection to the Motion to Dismiss, Fleurizard indicates that he "will be submitting evidence as opposed to blank words to substantiate his claims." See Mem. in Obj. at 2. While Fleurizard would need to produce evidence to carry his burden of proof at a later stage in the proceedings, Federal Rule of Civil Procedure 8(a) requires him to now plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). He cannot satisfy this requirement merely by pointing to evidence that he will produce in the future.